FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 APR 22 AM 11:58
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KELVIN CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-032 |
| | ) | |
| TELFAIR STATE PRISON; FRED | ) | |
| BURNETTE, Warden; FNU ETHRIDGE, | ) | |
| Deputy Warden; FNU SPIRES, Deputy | ) | |
| Warden; FNU FAIRIS, Business Manager; | ) | |
| SAM ZANDERS, Captain; and TYVONNE | ) | |
| WADLEY, Counselor, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kelvin Cain, an inmate currently confined at Telfair State Prison, in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

# I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998) *abrogated on other grounds by* Jones v. Bock, __ U.S. __, 127 S. Ct. 910 (2007) (internal citations omitted).

# II. DISCUSSION

## A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Cain v. Georgia Dep't of Corr., Civil Case No. 105-1580, doc. no. 6 (N.D. Ga. Aug. 31, 2005) (dismissed for failure to state a claim upon which

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted) *abrogated on other grounds by* Jones v. Bock, __ U.S. __, 127 S. Ct. 910 (2007) (internal citations omitted).

relief can be granted); (2) <u>Cain v. Massac</u>, Civil Case No. 307-032, doc. no. 7 (N.D. Ga. Sept. 27, 2007) (dismissed for failure to state a claim upon which relief can be granted); and (3) <u>Cain v. Georgia Bd. of Pardons and Paroles</u>, Civil Case No. 107-1240, doc. no. 5 (N.D. Ga. Sept. 27, 2007) (dismissed for failure to comply with Local Rule 41.3(A)(2) and Rule 8).[2]

In each of these cases, Plaintiff filed a complaint or appeal that was dismissed for failure to state a claim upon which relief may be granted, or otherwise qualified as a strike for abuse of the judicial process. Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of "imminent danger" at the time of filing this lawsuit. Plaintiff's claims are based on his "trouble" receiving and sending his legal mail. (Doc. no. 1, p. 5). Plaintiff makes several allegations regarding either

---

[2]As recently explained in an unpublished Eleventh Circuit opinion, dismissal based on an abuse of the judicial process may be properly considered a strike even if the dismissal fails to state expressly that the claim was frivolous or malicious. <u>Allen v. Clark</u>, Civil Case No. 06-16406 (11th Cir. Jan. 29, 2008) (finding dismissal for failure to prosecute is a strike for purposes of section 1915(g)). In the United States District Court for the Northern District of Georgia, Loc. R. 41.3(A)(2) provides in pertinent part that an action is subject to dismissal based on the failure to comply with a lawful order of the court.

3

not receiving or not being able to send his legal mail. For example, Plaintiff insinuates that his legal mail is not being delivered in its entirety - i.e., Plaintiff notes that he received an envelope with $2.00 worth of stamps, but when he opened the envelope, it only contained two pieces of paper. (Id.). Thus, Plaintiff concludes that someone removed papers that were in the envelope prior to giving the envelope to Plaintiff. (Id.). Plaintiff proffers that he addressed his mail troubles with Captain Zanders. (Id.). The Court presumes Captain Zanders did not provide Plaintiff with a satisfactory answer because, Plaintiff states that upon informing Captain Zanders that Plaintiff was going to write him up regarding his not receiving his legal mail, Captain Zanders put Plaintiff in "lock down." (Id.).

None of Plaintiff's claims fall within the imminent danger exception. In sum, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP (doc. no. 2) be **DENIED** and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit a new complaint, along with the full filling fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this ___ day of April, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4